UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PHOENIX PROCESS EQUIPMENT COMPANY | Plaintiff |
| v. | Civil Action No. 3:16-cv-00024-RGJ-RSE |
| CAPITAL EQUIPMENT & TRADING CORPORATION, ET AL. | Defendants |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Phoenix Process Equipment Company ("Phoenix") brings this action against Defendants Capital Equipment & Trading Corporation ("Trading Corporation"), Trading Corporation foreign affiliate Coralina Engineering, LLC ("Coralina"), and Trading Corporation CEO Alexander Chudnovets alleging breach of contract (Count I), unfair competition and "passing off" (Count II), violation of the Uniform Trade Secrets Act, KRS § 365.880, *et seq.* (Count III), conspiracy (Count IV), and fraud and fraud in the inducement (Count V).[1] [DE 40, Amend. Compl. at ¶¶ 32–51]. This matter is now before the Court on Phoenix's Motion for Reconsideration [DE 126] of the Court's Order denying Phoenix's Motion for Leave to File its Second Amended Complaint [DE 110]. Briefing is complete, and the Motion is ripe. [*See* DE 128, Response; DE 129, Reply]. For the reasons below, the Court **DENIES** Phoenix's Motion.

### BACKGROUND

The underlying facts are detailed in the Court's previous opinions. At issue here is the Court's ruling on Phoenix's Motion for Leave to File its Second Amended Complaint. [DE 110].

---

[1] The Complaint also lists as defendants Capital Equipment & Trading Company (the former name of the Trading Corporation), Capital Equipment & Technology Corporation (the predecessor and/or alter ego of the Trading Corporation), and Electrogorsk Metal Factory, d/b/a Elemet (a foreign affiliate of the Trading Corporation). [DE 40 at ¶¶ 1–7].

1

In that Motion, Phoenix sought to revive Counts II, IV, and V, which the Court had previously dismissed for, among other things, being preempted by Kentucky's version of the Uniform Trade Secrets Act (the "UTSA"), the Kentucky Uniform Trade Secrets Act (the "KUTSA"). *See Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, No. 3:16-CV-00024-JHM, 2017 WL 157834, at *1 (W.D. Ky. Jan. 13, 2017), *on reconsideration in part*, 250 F. Supp. 3d 296 (W.D. Ky. 2017). The Court denied Phoenix's Motion on February 11, 2019, and Phoenix now asks the Court to reconsider that ruling.

**LEGAL STANDARD**

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted).

Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## DISCUSSION

Phoenix does not allege newly discovered evidence that would impact the outcome of the Court's prior ruling. Nor does Phoenix argue that there has been a change in the law governing the case in the three weeks between the Court's February 2019 Order and Phoenix's March 2019 Motion, or that the Court's Order would lead to "manifest injustice." Instead, Phoenix asserts that the Court made a clear error of law by ruling that that the KUTSA preempts Phoenix's unfair competition, conspiracy, and fraud claims. [DE 126 at 2302–04]. Before the Court's February 2019 Order, the Court had previously held that the KUTSA preempted Phoenix's unfair competition and conspiracy claims, and that Phoenix failed to plead its fraud claims with

3

particularly, as required by Federal Rule of Civil Procedure 9(b).[2] [DE 57; DE 75]. The Court's February 2019 Order merely reaffirmed that the KUTSA preempts the unfair competition and conspiracy claims,[3] and held that even if Phoenix's proposed Amended Complaint cured the Rule 9(b) pleading issue for the fraud claim, the KUTSA preempts that claim as well.

Thus, Phoenix now argues for the third time that the KUTSA does not preempt its unfair competition, conspiracy, and fraud claims.[4] As the Court indicated in its February 2019 Order, the Sixth Circuit has not directly addressed KUTSA preemption. But because the UTSA is a uniform law, decisions in other jurisdictions provide guidance for its application and construction. *Brake Parts, Inc. v. Lewis*, 443 F. App'x 27, 31 (6th Cir. 2011) (citing *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 789 (W.D. Ky. 2001)).

Courts disagree about the reach of the UTSA's preemption provision. Some courts, including most in this Circuit, have found that the UTSA preempts laws that protect commercially valuable information, regardless of whether the information qualifies as a trade secret. *See, e.g.*, *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992) (per curiam); *Margae, Inc. v. Clear Link Techs., LLC*, 620 F. Supp. 2d 1284, 1285 (D. Utah 2009); *Spectrum Scan, LLC v. AGM California*, 519 F. Supp. 2d 655, 656 (W.D. Ky. 2007); *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649, 655 (E.D. Tenn. 2004); *Auto Channel*, 144 F. Supp.

---

[2] Because the Court dismissed Phoenix's fraud claim for failure to plead with particularity under Rule 9(b), the Court determined that it did not need to address the preemption issue at that time. [DE 57 at 1208 n.6].

[3] Phoenix asserts that the Court's February 2019 Order "failed to discuss Phoenix's [conspiracy and unfair competition] claims . . . and summarily dismissed all" of Phoenix's claims without analysis. [DE 126 at 2004]. The Court had previously analyzed the conspiracy and unfair competition claims in its prior Orders [DE 57; DE 75], and Phoenix presented no justification for the Court to overturn those rulings. The Court analyzed the fraud claim at length in the February 2019 opinion. [DE 125 at 2298–2301].

[4] The arguments articulated in Phoenix's Motion for Reconsideration are largely the same arguments as those Phoenix advanced unsuccessfully in its Complaint and subsequent filings. The Court has addressed these arguments in its prior rulings [*See* DE 57 at 1205–1208; DE 75 at 1401–1402; DE 125 at 2298–2301] but will elaborate here given the unsettled nature of UTSA preemption.

2d at 789; *Hutchison v. KFC Corp.*, 809 F. Supp. 68, 71 (D. Nev. 1992). Meanwhile, other courts have held that if a cause of action requires pleading "more" than trade-secret misappropriation, the UTSA is not preemptive. *See, e.g.*, *Weins v. Sporleder*, 605 N.W.2d 488, 492 (S.D. 2000); *Powell Prod., Inc. v. Marks*, 948 F. Supp. 1469, 1474 (D. Colo. 1996); *Micro Display Sys., Inc. v. Axtel, Inc.*, 699 F. Supp. 202, 205 (D. Minn. 1988). Courts in this Circuit have explicitly rejected this same-elements test. *See Stolle Mach. Co., LLC v. RAM Precision Indus.*, 605 F. App'x 473, 486 (6th Cir. 2015) (finding that Ohio's version of the UTSA preempted Stolle's conspiracy claim because "[e]ven though proof of conspiracy requires proving additional facts . . . beyond the underlying unlawful act, the conspiracy claim is dependent on proof of the underlying . . . misappropriation of trade secrets."); *Hauck Mfg. Co.*, 375 F. Supp. 2d at 655–58 ("[P]erhaps a better formulation of the UTSA preemption standard would be a 'same proof' standard under which a claim will be preempted when it necessarily rises or falls based on whether the defendant is found to have 'misappropriated' a 'trade secret' as those two terms are defined in the UTSA. Stated another way, if proof of a non-UTSA claim would also simultaneously establish a claim for misappropriation of trade secrets, it is preempted irrespective of whatever surplus elements or proof were necessary to establish it.").

This Court's ruling in *Auto Channel* is most instructive. In that case, Judge Heyburn discussed the history of the UTSA, which "establishes a statutory scheme governing the definition, protection, and penalties for misappropriation of trade secrets." 144 F. Supp. 2d at 788–89. He noted that the KUTSA "replaces all conflicting civil state law regarding misappropriation of trade secrets except for those relating to contractual remedies." *Id.* at 789 (citation omitted). He explicitly rejected the argument that the KUTSA "only applies to information that meets the statutory definition of trade secrets and that if commercially valuable information, for whatever

reason, does not meet the statutory definition, then common law misappropriation remedies remain" because "[w]hile a selective reading of [the] KUTSA might seem to support such an argument, the history, purpose, and interpretation of the statute absolutely precludes it." *Id.* at 788–89. Specifically, the UTSA sought "to create a uniform business environment that created more certain standards for protection of commercially valuable information," and a reading that ignores the mandate that the UTSA "replaces conflicting remedies . . . would undermine the uniformity and clarity that motivated the creation and passage of [the UTSA]." *Id.* (citing *Reingold v. Swiftships Inc.*, 210 F.3d 320, 322 (5th Cir. 2000)). Accordingly, the Court concluded that the KUTSA "replaces other law relating to the misappropriation of trade secrets, regardless of whether the Plaintiffs demonstrate that the information at issue qualifies as a trade secret." *Id.* at 789.

In this case, Phoenix's proposed Second Amended Complaint removes references to "trade secrets" and makes other minor changes. [DE 110-2]. However, Phoenix's unfair competition and "passing off" claim (Count II) still centers on the notion that Defendants misused Phoenix's "confidential information and designs" to reverse-engineer and sell "knock off" Phoenix machines and equipment. [*Id.* at ¶ 46]. The conspiracy claim (Count IV) likewise relies on the idea that Defendants used Phoenix's "confidential and proprietary equipment designs, and training . . . to manufacture belt filter presses and parts which they marketed and sold as Phoenix products to customers in the exclusive sales territory covered by the Distributor Agreements." [*Id.* at ¶ 50]. And on the fraud claim (Count V), Phoenix alleges that Defendants misrepresented or fraudulently concealed their alleged "alter ego" relationship and connection with Elemet to induce Phoenix to disclose "confidential designs, drawings, training, and other documents," which were later used to manufacture and sell "knock off" Phoenix products. [*Id.* at ¶¶ 53–54]. Indeed, Phoenix has acknowledged that its amendments to Counts II, IV, and V "ar[ise] out of the identical conduct,

6

transactions, and occurrences as set out, and was attempted to be set out, in Phoenix's original pleading and are identical to Phoenix's original causes of action." [DE 110 at 1623].

Phoenix's claims thus all relate to Defendants' alleged misuse of Phoenix's intellectual property. Because the KUTSA "replaces all conflicting civil state law regarding misappropriation of trade secrets except for those relating to contractual remedies," *Auto Channel*, 144 F. Supp. 2d at 789 (citing Ky. Rev. Stat. § 365.892), and Phoenix's claims are not "supported by an independent factual basis," *Stolle Mach. Co., LLC*, 605 F. App'x at 485 (internal quotation marks and citations omitted), the Court's prior rulings are proper.[5] Phoenix thus fails to present any permissible ground for reconsideration under Rule 59(e).

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS**:

(1) Phoenix's Motion for Reconsideration [DE 126] is **DENIED**; and

(2) Pursuant to the parties' Joint Amended Scheduling Order [DE 130], the following Amended Scheduling Order replaces the current dates outlined in [DE 116] (all other provisions of the prior Order [DE 116] not changed herein shall remain the same):

**A. Last Day to Serve Written Discovery Requests:** July 18, 2019;

**B. Close of Fact Discovery, including taking of all fact witness depositions:** October 16, 2019;

---

[5] Phoenix emphasizes *Auto Channel*'s dicta that the KUTSA "does not preempt all causes of action that have to do with trade secrets. If . . . the plaintiff demonstrates a further factual basis for fraud or deceit that has as an element the use of trade secrets, those causes of action are *not necessarily* preempted." [DE 126 at 2304 (citing *Auto Channel*, 144 F. Supp. 2d at 789 (emphasis added))]. However, as outlined above, each of Phoenix's claims here is based upon the misappropriation of a trade secret—"the exact type of claim KUTSA was intended to preempt." *Phoenix Process Equip.*, 2017 WL 157834, at *1.

**C. Plaintiff's Expert Disclosures, including any reports required by Rule 26(a)(2)(B):** October 16, 2019;

**D. Defendants' Expert Disclosures, including any reports required by Rule 26(a)(2)(B):** December 2, 2019;

**E. Close of Expert Discovery, including taking of expert depositions:** January 31, 2020;

**F. Deadline for Dispositive Motions and Motions to Exclude Expert Testimony under Federal Rule of Evidence 702 (*Daubert* and *Kumho Tire* Motions):** March 2, 2020;

**G. Final Pretrial Conference:** June 22, 2020 at 11:00 a.m.; and

**H. Jury Trial (4–6 days):** July 7, 2020 at 9:30 a.m.

Cc: Counsel of record, Jury Clerk