UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PHOENIX PROCESS EQUIPMENT COMPANY, )<br>)<br>)   Civil Action No. 3:16-CV-024-CHB<br>Plaintiff, )<br>)<br>v. )<br>) **ORDER ADOPTING MAGISTRATE**<br>CAPITAL EQUIPMENT & TRADING ) **JUDGE'S REPORT AND**<br>CORPORATION, et al., ) **RECOMMENDATION**<br>)<br>Defendants. ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Regina S. Edwards [R. 391]. The Report and Recommendation addresses the Motion for Spoilation Sanctions filed by Plaintiff Phoenix Process Equipment Company ("Phoenix") [R. 240], in which Plaintiff seeks summary judgment in its favor or an adverse inference be given at trial based on Defendants Capital Equipment and Trading Corporation, *et al*'s ("Defendants") alleged full-scale destruction of evidence relating to Phoenix's claims. Defendants responded, [R. 243], and Phoenix replied, [R. 250]. Nearly a month following Phoenix's Reply, Defendants filed an objection to evidence relied on by Phoenix in its reply and, alternatively, requested a leave to file a sur-reply. [R. 255]. Phoenix responded to Defendants' objection. [R. 257].

In her Report and Recommendation, Magistrate Judge Edwards detailed the lengthy facts in this matter, including the events giving rise to this matter and complex procedural background for this lawsuit. [R. 391, pp. 2–7]. Beginning with Defendants' Objection, or alternatively, Motion for Leave to File Sur-reply, [R. 255], Magistrate Judge Edwards acknowledged the

"tighter" briefing deadline[1] issued to the Parties, and noted that Defendants waited twenty-eight (28) days after Phoenix's reply to request leave to file a sur-reply. As a result, Magistrate Judge Edwards denied Defendants' Objection/Motion for Leave to File Sur-reply, [R. 255].

Next, Magistrate Judge Edwards correctly recognized the standard of review for spoilation sanctions, identifying the three conditions that must be met for sanctions to be appropriate. [R. 391, pp. 8–9]. After analyzing the three necessary conditions, the Magistrate Judge ultimately found that "Coralina negligently destroyed technical documents and communications relating to some of its transactions with Elemet . . . ." *Id*. at 33. Given this finding, Magistrate Judge Edwards determined that an adverse inference instruction at trial, rather than dismissal of the case in Phoenix's favor, was the appropriate sanction. *Id*. at 33–35. Finally, Magistrate Judge Edwards determined that monetary sanctions were also appropriate, but limited such sanctions to only "reasonable attorney's fees Phoenix incurred in seeking production of technical documents and communications relating to Coralina's transactions with Elemet." *Id*. at 36.

Magistrate Judge Edwards's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days. *Id*. at 37. The time to file objections has passed, and neither party has filed any objections to the Report and Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions,

---

[1] Local Rule 7.1(c) requires response briefs to be filed within twenty-one (21) days of service of the motion and reply briefs to be filed within fourteen (14) days of service of the response brief. However, the tighter briefing schedule issued by Magistrate Judge Edwards provided Defendants fourteen (14) days to respond and Phoenix only seven (7) days to reply. [R. 236].

under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation **[R. 391]** is **ADOPTED** as the opinion of this Court.

2. Plaintiff's Motion for Spoilation Sanctions **[R. 240]** is **GRANTED IN PART and DENIED IN PART**. The Court will provide the following permissive adverse-inference instruction relating to Coralina's spoilation to the jury trial:

   > The jury will be instructed that it may presume that technical documents and communications related to Coralina's transactions with Elemet were in Coralina's control and that Coralina had a duty to preserve such evidence.

   > The jury may presume that Coralina breached that duty by allowing these technical documents and communications to be destroyed.

   > The jury may presume that the information contained in these technical documents and communications would have supported Phoenix's breach of contract and KUTSA claims and would have been adverse to Coralina's defenses.

3. Defendants' Objection/Request for Leave to File Sur-Reply, **[R. 255]**, is **DENIED**.

This the 3rd day of August, 2022.

*[Signature: Claria Horn Boom]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY